UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICKI BONCEK, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 4:16CV361 RLW ) |
| PROFESSIONAL RECOVERY CONSULTANTS, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Notice of Default Judgment and Motion to Strike Defendant's Answer (Doc. # 6) (ECF No. 9), Motion to Set Aside or Vacate Default Judgment and to Deem Defendant's Answer and Affirmative Defenses Valid as Filed (ECF No. 14), and Defendant Professional Recovery Consultants, Inc.'s Motion for A Protective Order (ECF No. 21).

**I.  Plaintiff's Notice of Default Judgment and Motion to Strike Defendant's Answer (Doc. # 6) (ECF No. 9), Motion to Set Aside or Vacate Default Judgment and to Deem Defendant's Answer and Affirmative Defenses Valid as Filed (ECF No. 14)**

On February 9, 2016, Plaintiff Vicki Boncek ("Plaintiff") filed a Petition for violations of the Fair Debt Collection Practices Act against Defendant Professional Recovery Consultants, Inc. ("Defendant") in the associate circuit court of St. Louis County, Missouri. On March 16, 2016, Judge Lawrence J. Permuter, Jr., Associate Circuit Court Judge for St. Louis County, entered default judgment against Defendant. *See* 16SL-AC03761. On March 17, 2016, Defendant filed a Notice of Removal in this Court. (ECF No. 1). On March 23, 2016, Defendant filed an answer in this Court. On April 7, 2016, Plaintiff moved to strike Defendant's answer. (ECF No. 9).

On April 14, 2016, Defendant moved to set aside the default and deem its answer and affirmative defenses valid. (ECF No. 14).

The entry of default judgment occurred before the 30-day removal deadline. Defendant retained Missouri counsel one day after the "return date" set for Defendant and twenty-three days after being served with process. Defendant requests that this Court set aside or vacate the default judgment pursuant to Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). (ECF No. 12). Defendant, a Michigan-based company, did not understand the significance of the "return date" as the answer deadline. (ECF No. 12 at 6). Defendant claims "[a]midst the flourish of activity surrounding Defendant's rapid retention of the undersigned on March 17, 2016 and the face of the press of other business, the undersigned unwittingly prepared, received approval for, and filed Defendant's Answer while overlooking the judgment entered in the state court and under the misimpression that his answer would be timely pursuant to Fed. R. Civ. P. 81(c)(2)(C)." (ECF No. 12 at 6). Defendant claims that this error was unintentional and that it has proceeded in good faith. *See* Rule 59(e). In the alternative, Defendant asserts that good cause exists for the Court to set aside or vacate the default judgment under Rule 60(b). Under Rule 60(b)(1), the Court may relieve a party from a final judgment based upon "mistake, inadvertence, surprise, or excusable neglect." Defendant asserts that its "counsel was attentive to this case once retained for defense and promptly acted in its representative capacity in this matter." (ECF No. 12 at 8). Defendant contends that its failure to obtain Missouri counsel sooner was not in bad faith and was quickly cured.

In response, Plaintiff admits that Federal Courts have the authority to issue necessary orders for properly removed state court matters. (ECF No. 18 at 2). Plaintiff even admits that Federal Courts can set aside a state-court default judgment. (ECF No. 18 at 5). Plaintiff argues that removal was improper because the state court default judgment was not set aside initially,

prior to removal. (ECF No. 18 at 2). Even if this matter was properly removed, Plaintiff argues that Defendant has not met its burden in requesting the default judgment be vacated. (ECF No. 18 at 2). Plaintiff claims that she has "expended much energy, time and wasted correspondence with Defendant's counsel in order to reinforce an already valid default judgment and has caused Plaintiff to incur unnecessary attorney's fees and emotional distress." (ECF No. 18 at 4). Plaintiff argues that vacating the default judgment under Rule 59(e) is improper because Rule 59(e) motions serve a limited function of correcting manifest errors of law or to present newly discovered evidence. (ECFC No. 18 at 5-6). Plaintiff argues that the stricter standard under Fed. R. Civ. P. 60(b) applies for setting aside a default once it has ripened into a judgment. (ECF No. 18 at 7). Plaintiff argues that Defendant has not provided any case law to support its position that to set aside the default judgment under Rule 60(b)(1). (ECF No. 18 at 7-8). Plaintiff cites to the legal qualifications of defense counsel as argument that they should not have missed the deadline for filing an answer and should have sent a representative to the March 16, 2016 hearing on the motion for default judgment. Plaintiff further contends that defense counsel's failure to properly docket the answer date does not constitute excusable neglect under Rule 60(b). Plaintiff claims that Defendant has acted in bad faith and/or with willful disregard to the Court's procedures by removing this action "hoping to usurp the state-court default judgment." (ECF No. 18 at 10-12).

The Court has jurisdiction to enter an order vacating or setting aside the default judgment of the state court. *Butner v. Neustadter*, 324 F.2d 783, 786 (9th Cir. 1963) (after removal, "a motion to set aside a default may be made in the district court under Fed. R. Civ. P. 60(b) because of mistake, inadvertence, surprise, or excusable neglect"); *Barner v. Thompson/Ctr. Arms Co. Inc.*, 796 F.3d 897, 901 (8th Cir. 2015). Further, the court may set aside the default judgment under either Rule 59(e) or Rule 60(b). The Court notes that counsel for Defendant learned of this matter one day after the state court default judgment was entered and then counsel promptly removed this

3

action to Federal Court. Defendant has shown that its failure to timely answer Plaintiff's Petition was unintentional or based upon excusable neglect. Based upon the short time period while Defendant was in default, this Court has good cause for setting aside the default judgment and allowing this case to proceed on the merits. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998) (quoting *Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986) ("'when the grant of a default judgment precludes consideration of the merits of a case, even a slight abuse of discretion may justify reversal'"); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (citing *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir.1993) (There is a "judicial preference for adjudication on the merits"). Therefore, the Court vacates the default judgment and deems Defendant's answer as filed.

**II. Defendant Professional Recovery Consultants, Inc.'s Motion for A Protective Order**

In its Motion, Defendant requests a Motion for a Protective Order to prevent Plaintiff from conducting any "post-judgment discovery" pursuant to Fed. R. Civ. P. 69. (ECF No. 21). The Court grants this Motion because the Court has vacated the state court default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Notice of Default Judgment and Motion to Strike Defendant's Answer (Doc. # 6) (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Motion to Set Aside or Vacate Default Judgment and to Deem Defendant's Answer and Affirmative Defenses Valid as Filed (ECF No. 14) is **GRANTED**. The Court vacates the default judgment and holds that Defendant's Answer and Affirmative defenses are valid as filed.

**IT IS FINALLY ORDERED** that Defendant Professional Recovery Consultants, Inc.'s Motion for A Protective Order (ECF No. 21) is **GRANTED**.

Dated this 8th day of November, 2016.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE